## LIABILITY FOR INJURIES RECEIVED IN AN ELEVATOR.

Circuit Court of Cuyahoga County.

### JAMES FLYNN V. SALINA WILTSHIRE.*

Decided, February 5, 1912.

*Landlord and Tenant—Owner Liable for Faulty Original Construction—Also When Control Retained—Variance.*

1. When an elevator accident occurs as the result of original faulty construction the owner of the building may be liable, though he has leased the building to a tenant.
2. Where a landlord under his lease to a tenant retains control of an elevator and agrees to keep it in proper condition, he is liable for an accident resulting from the elevator getting out of repair.
3. Where it can be done without surprise or injury, a case should be tried upon the *evidence*, and if objection be made that evidence is not admissible under the pleadings, the pleadings should be amended at once and without terms.
4. Where there has been a variance between pleadings and proof, and no amendment of the pleadings to conform to the facts proved has been asked, ordered or made, the judgment will not be reversed unless it appear that by the variance the plaintiff in error was mislead to his prejudice.

*Reed, Russell & Eichelberger,* for plaintiff in error.

*F. C. Scott,* contra.

WINCH, J.; MARVIN, J., and NIMAN, J., concur.

This was an action brought by defendant in error to recover for personal injuries received in an elevator accident in a build-

----

*Dismissed in the Supreme Court, March 25, 1913, on motion of plaintiff in error at his costs.

ing owned by James Flynn, plaintiff in error, and leased to the Flynn-Froelk Company, which was a defendant below, but is not a party to these proceedings in error.

It is doubtful if this court has such jurisdiction of the subject-matter of the case as will authorize it to review the judgment, for want of necessary parties.   *Jones* v. *Marsh,* 30 O. S., 20.

However, we have examined the several assignments of error and give our views regarding them.

It is claimed that the petition made no allegation of negligence against James Flynn, merely stating that he was the owner of the building and that he had leased it to the Flynn-Froelk Company, who were in possession of the building, and consequently, of the elevator; that there is no allegation that Flynn retained any control over the elevator and that, therefore, under the adjudications in Ohio, no case was stated against him.

With this view we do not concur; the petition is susceptible of the interpretation that the accident happened because of original faulty construction for which the owner would be liable, so that it complies with the rule stated in the third paragraph of the syllabus of the case of *Shindelback* v. *Moon,* 32 O. S., 264, and sets forth a case such as is referred to in the last paragraph of the opinion, on page 267:

"Hence it is that where, at the time of the lease, the propetry is in a ruinous or defective condition, and by reason thereof the injury happens, then the owner or lessee is liable generally, though there are cases which make the liability dependent upon the covenants of the lease."

But, if we are wrong in our interpretation of the allegations of the petition, the next claim of error brings us to another aspect of the same question, so that another resolution of it is offered.

At the close of plaintiff's evidence, which tended to show that the accident happened because of original faulty construction, both defendants asked for the direction of a verdict in their favor.

Thereupon the plaintiff asked leave to reopen the case for the purpose, as he stated, "to put on proof as to the liability of James Flynn individually."

This was permitted over the objection of Flynn. Thereupon the plaintiff put Flynn on the stand for cross-examination, and drew from him that under an oral lease with the Flynn-Froelk Company he retained control of the elevator and was to keep it in proper condition.

This evidence made him liable under the ruling in the case already mentioned, and others referred to in the decision in the case of *Stackhouse* v. *Close,* 83 O. S., 339.

Counsel for plaintiff in error conceded that it was within the discretion of the court to open up the case and permit further evidence to be introduced under the allegations of the pleadings, but he urges that this additional evidence was on an issue not made in the pleadings, and so should not have been admitted, or, if admitted, should have been afterwards withdrawn from the consideration of the jury, as requested by him.

The matter is ruled by statute.

Section 11556, General Code, provides:

"No variance between the allegation in a pleading, and the proof, shall be deemed material, unless it has actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits. When it is alleged that a party has been so mislead, that fact must be proved to the satisfaction of the court. It must also be shown in what respect he has been mislead. Thereupon the court may order the pleading to be amended, upon such terms as are just."

Construing this section the Supreme Court, in the case of *Hoffman* v. *Gordon,* 15 O. S., 212, 218, says:

"The evident object of the code is to vest in the court a discretion, where it can be done without surprise or injury, to try the case upon the *evidence,* outside of the pleadings and if objection be made, to allow the pleadings to be conformed to the evidence, at once and without terms."

Here there was no surprise or injury. Flynn knew all the time the nature of his obligations regarding the elevator under his oral lease with his tenant. The record fails to show, as required by the statute, how he was mislead, and so we must presume that he was not. True, he objected at the time to the intro-

duction of this evidence, and the plaintiff neglected to ask leave to amend his petition to conform to this evidence, but he could have done so and been granted the leave.

What was first said about the uncertain character of the allegations of the petition is to be borne in mind here, for having said allegations in mind it is not apparent that the variance suggested was material.

It was held in the case of *Sibila* v. *Bahney,* 34 O. S., 399, 408:

"That the evidence at the trial should be confined to the issue, admits of no doubt. The rule is as inflexible since as before the code, that the allegations and proof must correspond. But where the variance between the allegations and proof is such that the court would allow an amendment under Section 132 (G. C. 11557), without costs, to conform the pleading to the proof, the variance can not be deemed so far material under Section 131 (G. C., 11556) as to justify a reversal of the judgment."

See also *Dayton Ins. Co.* v. *Kelley,* 34 O. S., 345; and *Benninger* v. *Hess,* 41 O. S., 64.

In the latter case, at page 69 of the opinion, the court says:

"Where a judgment has been rendered, and there has been a variance between the pleadings and the proof, but not such as to *mislead* the opposite party to his prejudice, and where there has been an omission in such case to conform the pleading to the facts proved, it will not be in furtherance of justice to deprive plaintiff of the fruits of the trial, by a reversal of the judgment in error."

From this quotation and from the statute, it appears that a variance is not to be deemed *material* unless it "mislead the opposite party to his prejudice."

We have already seen that Flynn was in nowise mislead to his prejudice by this variance.

See also Section 11364, General Code.

The trial court, at the conclusion of this additional evidence, dismissed the lessee defendant from the case and it went to the jury on the liability of Flynn alone. The dismissal of the lessee is complained of, as error on the ground that it was an intimation that the court believed the owner was liable.

Such is an unusual view to take of the matter and is not consistent with the failure of plaintiff in error to make the lessee a party defendant to these proceedings in error. However, as Flynn's case was submitted to the jury on evidence tending to establish his liability, under a charge which we find, as a whole, was unobjectionable, we must assume that the jury confined itself to that evidence.

It is claimed that the court in the charge treated of the subject of contributory negligence of the plaintiff, which would be reversible error, for no such issue was raised in the pleadings, but we have been unable to find a suggestion of that topic in the charge.

Some rulings on evidence are complained of. The plaintiff was permitted to ask Flynn whether he carried insurance on the elevator. This was permitted, possibly, as tending to show Flynn's own conception of his control over the elevator. It was an unnecessary question, because he had already fully stated that under his lease he remained responsible for the elevator. As he was not asked how much insurance he carried, we have concluded that the jury was in nowise biased against him by reason of the information it received on this subject.

Flynn was also asked, over his objection, whether immediately after the accident he made repairs to the elevator and he said he did. This question was competent as tending to show his control over it at the time of the accident, and not as tending to show that it was defective. The defect had already been proved.

We find no misconduct on the part of counsel for plaintiff in his argument to the jury. Counsel for Flynn himself asked what plaintiff's counsel meant by a certain statement, and if he was doubtful of any objectional meaning at the time, it is not strange that a reviewing court should find no prejudice in the remark.

Nor have we any means of determining that the verdict was excessive, as charged. Defendant introduced no evidence in his own behalf and the case went to the jury on uncontradicted evidence, warranting the amount of the verdict.

On the whole we are unable to certify that substantial justice was not done in the case, and so the judgment is affirmed.